IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| BRIAN HUTCHINS | § | |
| VS. | § | CIVIL ACTION NO.  9:23-CV-168 |
| TEXAS BD. PARDONS & PAROLES | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Brian Hutchins, a prisoner confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the Texas Board of Pardons and Paroles.  Plaintiff alleges the Defendant violated his constitutional right to due process by failing to provide a detailed explanation for denying him parole.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e) if it: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous ig it lacks an arguable basis either in law or fact.  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).  A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory.  *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  A complaint lacks an arguable basis in fact if, after providing the plaintiff the

opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Analysis

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes another to be deprived of a federally protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983. In this case, Plaintiff contends Defendants violated his Fourteenth Amendment right to due process by failing to provide him a detailed explanation for denying him release on parole, as required by Texas law.

Prisoners do not have a right to parole that is protected by the United States Constitution or federal law. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). Further, the State of Texas has not created a protected liberty interest in being released on parole under state law. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). A prisoner who does not have a liberty interest in parole cannot challenge the constitutionality of state parole procedures. *Wansley v. Mississippi Dep't of Corr.*, 769 F.3d 309, 312-13 (5th Cir. 2014); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995); *see also Martinez v. Abbott*, 796 F. App'x 196, 201-2 (5th Cir. 2019) ("Defendants are entitled to judgment on [Plaintiff's] due process claims as a matter of law because Texas prisoners lack a liberty interest in obtaining parole and may not assert any due process claims regarding state procedures for parole review."). Therefore, this action is frivolous and fails to state a claim upon which relief may be granted.

## Recommendation

This civil rights action should be dismissed pursuant to 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim on which relief may be granted.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal

conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 24th day of May, 2024.

_____
Zack Hawthorn
United States Magistrate Judge